```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STATE AUTO PROPERTY AND CASUALTY    :   CIVIL ACTION
INSURANCE COMPANY,                  :   NO. 19-5578
                                    :
        Plaintiff,                  :
                                    :
    v.                              :
                                    :
SIGISMONDI FOREIGN CAR SPECIALISTS, :
INC.,                               :
                                    :
        Defendant.                  :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          February 17, 2022

I.  **INTRODUCTION**

In this commercial property insurance coverage dispute Plaintiff State Auto Property and Casualty Insurance Company ("State Auto") seeks to enforce a judgment the Court entered in favor of State Auto and against Defendant Sigismondi Foreign Car Specialists, Inc. ("Sigismondi"), an auto repair shop. Sigismondi has moved to stay all acts taken to collect upon the money judgment entered by the Court. Sigismondi's motion to stay is currently ripe before the Court.

For the following reasons, Sigismondi's motion will be denied without prejudice.

**II.  BACKGROUND**

In its complaint, State Auto sought a declaration of its rights and obligations under a policy issued to Defendant Sigismondi Foreign Car Specialists, Inc. (Count I). State Auto also asserted causes of action for violations of Pennsylvania's Insurance Fraud Act (Count II), common law fraud (Count III), and reverse bad faith (Count IV). On April 12, 2021, the Court granted State Auto's motion for summary judgment on Counts I and II, and later entered judgment in favor of State Auto on Counts I and II. The Court has since dismissed Counts III and IV of State Auto's complaint.

On June 17, 2021, after a damages hearing, the Court awarded State Auto damages in the amount of $43,955.41. On July 31, 2021, Sigismondi filed a notice of appeal with the United States Court of Appeals for the Third Circuit appealing the Court's final judgment entered in favor of State Auto and against Sigismondi on Counts I and II of State Auto's complaint.

On December 30, 2021, State Auto submitted a praecipe for writ of execution, to collect on the $43,955.41 judgment entered against Sigismondi, plus interest in the amount of $1,3555.26. The writ of execution was issued on February 7, 2022. On February 8, 2022, Sigismondi moved, pursuant to Federal Rule of Civil Procedure 62(b), to stay all acts taken to collect upon the money judgment while the appeal is pending.

2

In support of its motion to stay, Sigismondi has offered to obtain an irrevocable letter of credit in the required amount and to deliver it to the Clerk's office within five business days. Sigismondi has indicated that the irrevocable letter of credit may be "set by this Court with a term of two (2) years such that the Letter of Credit can only be drawn against or released with a further order of this Court and to grant whatever other, and further, relief this Court deems just and necessary." Def. Mot. at 4, ECF No. 58. Sigismondi has indicated that if the Court does not permit Sigismondi to use a letter of credit, Sigismondi may be able to post a bond within two weeks. State Auto opposes Sigismond's motion, arguing that if the Court stays all acts to collect upon the money judgment, Sigismondi should be required to post a supersedeas bond.

### III. DISCUSSION

Federal Rule of Civil Procedure 62(b) permits a party to "obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Previously, the judgment debtor seeking the stay was required to post a supersedeas bond, and "only 'extraordinary circumstances' [would] support the provision of security other than a supersedeas bond." U.S. on Behalf of Small Business Amin. v. Kurtz, 528 F. Supp. 1113, 1115 (E.D. Pa.

1981); see also Schreiber v. Kellogg, 839 F. Supp. 1157, 1159 (E.D. Pa. 1993) ("[T]he court should exercise the discretion to require less than a full supersedeas bond only in extraordinary circumstances") (internal citation and quotation marks omitted). The judgment debtor was previously required to "bear[] the burden of demonstrating objectively the need for departure from the usual requirement of full security by showing that posting a full bond is impossible or impracticable." Schrieber, 839 F. Supp. at 1159. The judgment debtor was also required to "propose a plan that will provide adequate (or as adequate as possible) security for the [judgment creditor]." Kurtz, 528 F. Supp. at 1115.

In December 2018, Rule 62 was amended. Rule 62's modified "text makes explicit the opportunity to post security in a form other than a bond." Fed. R. Civ. P. 62, advisory committee's notes (2018 amendments). In light of the Rule's modifications, the judgment debtor no longer needs to show "extraordinary circumstances" to post a form of security other than a bond. Courts in other jurisdiction have noted that "[t]he 'other security' posted must still 'provide sufficient protection' for the judgment creditor." Richardson v. Prisoner Transp. Servs. of Am., 2019 WL 1003624, at *2 (M.D. Pa. Feb. 27, 2019) (quoting Deutsche Bank Nat'l Tr. Co. v. Cornish, F. App'x 503, 509 (7th Cir. 2019)). Typically, the security should cover the judgment

4

in full, plus costs and interests. See id.; see also PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh, Comm. Workers of Am., AFL-CIO Local 38061, No. 20-236, 2021 WL 424012, at *3 (W.D. Pa. Feb. 8, 2021) (same). Thus, the "other security" must still provide assurances that the judgment will be paid in full. Richardson, 2019 WL 1003624, at *2.

An irrevocable letter of credit may be sufficient to satisfy Rule 62. See, e.g., Allegis Grp., Inc. v. Jordan, No. 12-2535, 2019 WL 2106384, at *2 (D. Md. May 14, 2019). The district court has discretion to approve an irrevocable letter of credit if the court finds that it would adequately protect the judgment creditor. The judgment debtor should provide the specific terms of the proposed letter of credit, and when considering whether to approve the letter, the district court should ensure that the letter will assure full payment throughout the appellate proceedings. In Richardson, the Middle District of Pennsylvania declined to approve a letter of credit because the "termination clauses in particular fail to assure payment in full throughout post-trial and appellate proceedings, unlike a typical supersedeas bond." 2019 WL 1003624, at *3.

Here, Sigismondi seeks to post an irrevocable letter of credit in an amount set by this Court with a term of two years. However, Sigismondi has neither provided a copy of the proposed letter, nor has Sigismondi outlined the specific terms of the

5

proposed letter. Thus, the Court is unable to determine whether the hypothetical letter of credit would assure full payment throughout the appellate proceedings.

Accordingly, Sigismondi's motion to stay will be denied without prejudice. Sigismondi may refile its motion and provide the specific terms of the proposed letter of credit, or indicate that it will timely post a supersedeas bond.

**IV.   CONCLUSION**

For the foregoing reasons, Sigismondi's motion to stay will be denied without prejudice. An appropriate order follows.